**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action Number 1:17-cv-2041

Taylor J. Smith,
      Plaintiff

v.

Wakefield & Associates, Inc,
      Defendant

---

## COMPLAINT

---

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692 et. seq, the Fair Debt Collection Practices Act (FDCPA).

2. Plaintiff is a resident of Castle Rock, CO.

3. Wakefield & Associates, Inc ("Wakefield") is a Colorado corporation located at 10800 E. Bethany Dr. Suite 450, Aurora, CO 80014.

4. Wakefield is a debt collector whose principal purpose is the collection of debts allegedly due another.

5. In or around March 2015, Plaintiff entered into a contract for educational benefits with Parkview Medical Center, whereby Plaintiff was to receive training as a registered nurse and for didactic training.

6. Parkview Medical Center did not provide Plaintiff with the training as promised.

7. In or around June 2017, Wakefield sent its initial notice to Plaintiff required by 15 U.S.C. § 1692g.

8.  On June 12, 2017, Plaintiff's lawyers, Feder Law Firm, sent a letter via certified mail on Plaintiff's behalf to Wakefield, which was received by Wakefield on June 14, 2017.

9.  Plaintiff's June 12, 2017 letter requested verification of the debt, and was properly sent within 30 days of receipt of Wakefield's initial notice of the debt. Additionally, the letter notified Wakefield that the debt was disputed, requested that Wakefield cease communication with Plaintiff, and to direct all communications to Plaintiff's lawyers.

10. After receiving the June 12, 2017 letter, Wakefield continued to call Plaintiff directly, rather than contacting Plaintiff's lawyers, on at least 16 occasions.

11. Wakefield continued to attempt to collect the debt from Plaintiff without first obtaining verification of the debt.

12. On July 17, 2017, Wakefield reported the debt to Equifax without noting the account was disputed.

13. A debt collector marks an account as disputed to a credit bureau by using code "XB" in the Metro-2 system, which is the system that furnishers use to communicate with the three major credit bureaus such as Equifax, Experian, and Trans Union.

14. On August 7, 2017, Wakefield sent a letter attempting to collect a debt directly to the Plaintiff rather than her attorneys.

## COUNT I, FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

16. Wakefield has violated the FDCPA in the following ways:  continuing to communicate with Plaintiff when Wakefield knew that Plaintiff was represented by counsel, 15 U.S.C. § 1692c(a)(2); failing to cease collecting the debt until Wakefield obtained verification of the

debt, 15 U.S.C. § 1692g(b); and reporting a debt to a consumer reporting agency without indicating that the account is disputed, 15 U.S.C. § 1692e(8).

17. Wakefield's violations of the FDCPA caused the Plaintiff actual damages, including harm to credit score, harm to reputation, inconvenience, and frustration.

18. Plaintiff seeks statutory damages against Wakefield in the amount of $1,000.

WHEREFORE, Plaintiff prays for the following relief:

    a.   actual damages to be determined at trial;
    b.   statutory damages of $1,000;
    c.   attorney fees and costs.

MATTHEW R. OSBORNE PC

s/ Matthew R. Osborne
11178 North Huron Street, #7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

FEDER LAW FIRM

s/ Karl N. Hoffman
730 - 17th Street, Suite 550
Denver, Colorado 80202
(303) 586-5078
karl@federlawfirm.com

3